

| | **THE CITY OF NEW YORK** | |
|---|---|---|
| **Hon. Sylvia O. Hinds-Radix**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Nicholas R. Ciappetta<br>**Administrative Law and Regulatory Litigation Division**<br>(212) 356-4036<br>nciappet@law.nyc.gov |

September 18, 2023

**BY ECF**
Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Mills, et al. v. New York City, New York</u>, 23-CV-7460 (PAC)(OTW)

Dear Judge Crotty:

    I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter in accordance with Rule 1(E) of Your Honor's Individual Practices on behalf of Defendant to seek additional time to respond to the Complaint.

    Three individual plaintiffs bring this action to invalidate a number of sections of the Rules of the City of New York ("RCNY") adopted by the New York City Police Department (38 RCNY § 5-22(a)(7),(8),(9), and (10) and 38 RCNY § 5-25) and one law codified in the New York City Administrative Code (§ 10-302.1(a)-(e)) relating to firearm usage in the City of New York. These regulations prevent the sale to or acquisition by a licensee of more than one firearm every 90 days; limit a concealed carry licensee to the carry of one (1) handgun on their person at any time; provide that a licensee is authorized to own only the handgun(s) listed on their license; and require a licensee to obtain written permission from the NYPD License Division to purchase or replace a handgun. Plaintiffs also seek a declaration that "requiring individuals to pay money to the government for permission to possess and carry firearms violates the Second and Fourteenth Amendments" or, in the alternative, a declaration that "the requirement that an applicant and/or licensee pay more than a nominal fee to apply for and/or renew a handgun license violates the Second and Fourteenth Amendments." Complaint, Wherefore Clause.

    Defendant's response to the Complaint is due on or about September 21, 2023. The Complaint raises weighty and complex issues in a field of law that has been reshaped by the

Supreme Court's decision in <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 142 S. Ct. 2111 (2022), and continues to rapidly evolve, and seeks to invalidate important New York City firearm regulations that have been in place for years, necessitating further investigation and research.

        Accordingly, Defendant requests an extension until October 13, 2023, to respond to the Complaint. Plaintiffs' counsel consents to this extension. As the proposed new date does not impact any other schedule, I request that the Court approve such extension.

        Thank you in advance for your consideration of this matter.

        Respectfully submitted,

        /s/
Nicholas Ciappetta
Senior Counsel