

| Hon. Sylvia O. Hinds-Radix<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Nicholas R. Ciappetta<br>**Administrative Law and Regulatory Litigation Division**<br>(212) 356-4036<br>nciappet@law.nyc.gov |
|---|---|---|

October 13, 2023

**BY ECF**
Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: <u>Mills, et al. v. New York City, New York</u>, 23-CV-7460 (PAC)(OTW)

Dear Judge Crotty:

   I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter in accordance with Rule 3(A) of Your Honor's Individual Practices on behalf of Defendant to seek a pre-motion conference in anticipation of filing a motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## BACKGROUND

   Three individual plaintiffs bring this action to invalidate a number of sections of the Rules of the City of New York ("RCNY") adopted by the New York City Police Department (38 RCNY § 5-22(a)(7),(8),(9), and (10) and 38 RCNY § 5-25) and one law codified in the New York City Administrative Code (§ 10-302.1(a)-(e)) relating to firearm usage in the City of New York. These regulations prevent the sale to or acquisition by a licensee of more than one firearm every 90 days; limit a concealed carry licensee to the carry of one (1) handgun on their person at any time; provide that a licensee is authorized to own only the handgun(s) listed on their license; and require a licensee to obtain written permission from the NYPD License Division to purchase or replace a handgun. Plaintiffs also seek a declaration that "requiring individuals to pay money to the government for permission to possess and carry firearms violates the Second and Fourteenth Amendments" or, in the alternative, a declaration that "the requirement that an applicant and/or licensee pay more than a nominal fee to apply for and/or renew a handgun license violates the Second and Fourteenth Amendments." Complaint, Wherefore Clause.

## BASIS FOR MOTION TO DISMISS

In New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), the Supreme Court rejected the two-part means-end scrutiny applied by many of the federal circuits to Second Amendment challenges. Instead, the Court held that the Second Amendment "demands a test rooted in the Second Amendment's text, as informed by history." Id. at 2127. The new test formulated by the Court is as follows: "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." Id. at 2129-30 (internal quotation marks and citations omitted).

Contrary to Plaintiffs' understanding, this test does not lead to the automatic invalidation of every municipal firearm law and regulation. Indeed as Justice Kavanaugh noted in his concurring opinion in Bruen, "[p]roperly interpreted, the Second Amendment allows a variety of gun regulations." Id. at 2162 (omitting internal quotation marks).

Plaintiffs' Second Amendment claim fails at the first step of Bruen. The Complaint makes no attempt to demonstrate how the Plaintiffs' proposed conduct is protected by the text of the Second Amendment. Plaintiffs pay lip service to the first part of the Bruen test and attempt to satisfy their burden with mere conclusory statements. Plaintiffs failure to engage in the textual analysis required by Bruen warrants dismissal of the Complaint in its entirety.

Including Bruen, the Supreme Court has decided three Second Amendment cases since 2008. These decisions are narrower than the Plaintiffs would like the Court to believe. Collectively, the three opinions establish that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home and carry a handgun in public for purposes of self-defense. Plaintiffs' proposed conduct, which is ill-defined, must be evaluated in light of the scope of the right. The Complaint does not allege how the challenged law and regulations prevent a law-abiding citizen from engaging in self-defense in the event of a confrontation, whether at home or in public. For example, 38 RCNY § 5-25(d)(4) sets forth presumptive limits on the number of handguns that can be listed on various types of licenses. Plaintiffs offer no allegations as to why limiting the number of firearms on a license makes self-defense impossible or even more difficult. This type of explanation is missing with respect to each of the provisions challenged in this litigation. Likewise, Administrative Code 10-302.1(b) only regulates the frequency in which a licensee may acquire firearms after their first purchase. It does not prevent a law-abiding citizen from acquiring a firearm. Indeed, the law permits a licensee to possess multiple firearms so long as they are not acquired within ninety days of one another. As such, it too does not interfere with the self-defense needs of an ordinary citizen.

Plaintiffs challenge to the NYPD's application processing fee fails for similar and additional reasons. Plaintiffs contend that *any* fee – except for *perhaps* a nominal amount – to process an application for a firearm license violates the Second Amendment. See Complaint, Wherefore Clause. This is clearly wrong and this type of argument is foreclosed by Bruen where the Court gave its clear imprimatur to shall-issue licensing processes that determine whether an applicant is a law-abiding, responsible citizen and, by implication, sanctioned fees associated with that process so long as the fees are not exorbitant. See Bruen, 142 S. Ct. 2138 n.9.

Plaintiffs offer nothing to suggest that the NYPD's application fee is exorbitant.[1] Moreover, the Second Circuit Court of Appeals in Kwong v. Bloomberg, 723 F.3d 160, 166-67 (2d Cir. 2013), found the City's license application fee reasonable and constitutionally permissible because it "was designed to defray (and did not exceed)" costs associated with reviewing and processing the application. Nothing in the Complaint suggests that the cost to the City of processing applications has decreased since Kwong. Nor does the Complaint argue that Bruen expressly overturned Kwong.

In addition, to the pleading deficiencies identified above, Plaintiffs lack standing to challenge several of the NYPD rules. For example, Plaintiffs challenge the constitutionality of the entirety of 38 RCNY § 5-25, a long rule with many parts and subparts governing different types of conduct and aspects of the licensing process. Plaintiffs note that 38 RCNY § 5-25(d)(4)(i) allows the NYPD License Division to "limit the number of handguns that appear on the carry handgun license." Complaint ¶ 54. But the Complaint does not allege that the License Division imposed such a limit on Mills or Sotomayor. As such, Plaintiffs can only allege a speculative future injury. Similarly, Plaintiffs complain about the License Division's firearm purchase authorization process and the language in 38 RCNY § 5-25(c)(5) providing for the suspension and/or revocation of a handgun license for failure to timely return the handgun purchase authorization to the License Division. The Complaint, however, does not indicate that any of Plaintiffs' licenses have been suspended or revoked pursuant to this section.

For all these reasons, a motion to dismiss at this stage of the litigation is appropriate and likely to succeed and Defendant should be granted permission to so move.

Thank you in advance for your consideration of this matter.

Respectfully submitted,

/s/
Nicholas Ciappetta
Senior Counsel

---

[1] This challenge appears to be on behalf of only Plaintiff Braden Holliday as the Complaint alleges that Plaintiffs Charles Mills and Craig Sotomayor are already licensed by the NYPD. The Complaint states that Holliday "cannot afford the cost of the application" but lacks any facts suggesting that he is financially destitute.