

October 30, 2023

**VIA ECF**

Hon. Paul A. Crotty
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

    *Mills v. New York City,*  23 Civ. 7460 (PAC)(OTW)

Dear Judge Crotty,

    I represent the plaintiffs, Charles Mills, Craig Sotomayor, and Braden Holliday, in the above-referenced matter. I write in response to the defendant's pre-motion letter dated October 23, 2023, which is scheduled for a telephonic conference with the Court tomorrow, October 31, 2023. First, I apologize to the Court for the tardiness of Plaintiffs' response; it was certainly not my intention to delay providing the information to the Court.

    New York City's anticipated motions brought under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) are improper. The substance of Defendant's pre-motion letter is devoid of any factual disputes or insufficiencies. Rather, Defendant engages in a *Bruen* analysis, pressing justifications for its regulations and disputes about Plaintiff's ability to establish that the conduct being regulated is covered by the plain text of the Second Amendment --  an entirely law-based motion and one more appropriately made under Federal Rule of Civil Procedure 56.

    Indeed, Plaintiffs assert that they are entitled to summary judgment in their favor because there are no material issues of fact and when the text, history, and tradition test required by *Bruen* is applied, Defendant will be unable to justify its regulations because they contradict the plain text of the Second Amendment and have no historical analogue. *NYSRPA v. Bruen*, 142 S.Ct. 2111, 2126 (2022) (when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.) (internal quotation marks omitted).

The conduct being regulated is the possession and carriage of handguns for self-defense. Possessing and carrying handguns for self-defense is presumptively protected by the plain text of the Second Amendment. See, *Srour v. New York City, New York*, No. 22 CIV. 3 (JPC), 2023 WL 7005172, at *13 (S.D.N.Y. Oct. 24, 2023) ("the Court therefore determines that the conduct at issue here—the possession of firearms for lawful purposes—is covered by the plain text of the Second Amendment."); *Bruen*, at 2134 (having "little difficulty concluding" that "the plain text of the Second Amendment protects [plaintiffs'] proposed course of conduct—carrying handguns publicly for self-defense"); *D.C. v. Heller*, 554 U.S. 570, 592 (the plain text of the Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation").

Plaintiffs have no burden from here. The entire burden shifts to Defendant to justify the challenged regulations. Defendant offers explanations and anecdotes, and even attempts to shift the burden to Plaintiff to "allege how the challenged regulations…prevent a law-abiding citizen from engaging in self-defense in the event of a confrontation…" [City, p. 2] and "Plaintiffs offer no allegations as to why limiting the number of firearms on a license makes self-defense impossible or even more difficult" [*Id.*] and "Plaintiffs offer nothing to suggest that the NYPD's application fee is exorbitant." [City, p. 3]. Untrue, but also *not* Plaintiffs' burden. And pre-*Bruen* caselaw, including *Kwon v. Bloomberg*, is not the standard by which any of Defendant's firearms licensing regulations are measured now.

Defendant cannot seem to grasp the fact that when it comes to possessing and carrying weapons, the conduct is *presumptively protected*[1] and the burden lies with *Defendant alone*. *Bruen,* at 2126, 2129-30; see also, *Srour* at *5 n.6 ("In their briefing, Defendants at times seem not to appreciate that it is their burden to come forward with evidence that the challenged regulations are consistent with our country's historical tradition of firearm regulation"), and n.15.

Defendant is correct about one thing: 'the *Bruen* test does not lead to the automatic invalidation of every municipal firearm law and regulation' – only those that conflict with the plain text, history and tradition of firearm regulations in this Nation, like those challenged here.

To the extent that the Supreme Court nodded at shall-issue regimes, it was in the context of comparing New York's 'outlier' may-issue 'constitutionally problematic' licensing scheme to other jurisdictions where the licensing authority 'shall issue' a license based on 'objective factors.' *Bruen*, at 2161 (Kavanaugh, J. concurring, joined by The Chief Justice) (discussing conclusion that "New York's outlier may-issue regime is constitutionally problematic").

The *Bruen* Court left the door open to constitutional challenges to shall-issue regimes. Objective factors are not above reproach; every firearm regulation is subject to the text, history, and tradition analysis under *Bruen*. See*, e.g., Bruen*, at 2138 ("That said, because any permitting scheme can be put toward abusive ends, we do not rule out constitutional challenges to shall-issue regimes where, for example, lengthy wait times in processing license applications or exorbitant fees deny ordinary citizens their right to public carry.") (emphasis added). And Plaintiff Holliday challenges just that: Defendant's "exorbitant fees."

---

[1] *Bruen*, at 2135 (the "Second Amendment's plain text thus *presumptively guarantees* petitioners Koch and Nash a right to "bear" arms in public for self-defense") (emphasis added).

Defendant's *ipsi dixit* justifications are no basis to dismiss this Complaint nor will they win the day. *Bruen*, at 2126 ("To justify its regulation, the government may not simply posit that the regulation promotes an important interest."). Defendant must lay bare its proof by demonstrating that its regulations are "consistent with this Nation's historical tradition of firearm regulation." *Id.* Only then may the Court conclude that Plaintiffs' conduct falls outside the Second Amendment's "unqualified command." *Id.*

And "to the extent later history contradicts what the text says, the text controls." *Bruen,* at 2137.

There are no 'pleading deficiencies' in the Complaint. Plaintiffs have standing; they have been and are subject to the challenged rules, including limitations on the number of handguns that can be registered in a carry license. See, Complaint at ¶¶ 78-98 (Charles Mills).

Plaintiffs intend to cross-move for summary judgment in their response to Defendant's motion to dismiss, as there are no genuine issues of material fact and summary judgment in Plaintiffs' favor is warranted.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni


cc: Nicholas Ciappetta (via ECF)