

| | THE CITY OF NEW YORK | |
|---|---|---|
| Hon. Sylvia O. Hinds-Radix<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Nicholas R. Ciappetta<br>**Administrative Law and Regulatory Litigation Division**<br>(212) 356-4036<br>nciappet@law.nyc.gov |

December 19, 2023

**BY ECF**
Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  <u>Mills, et al. v. New York City, New York</u>, 23-CV-7460 (PAC)(OTW)

Dear Judge Crotty:

    I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. This Office represents Defendant New York City in the above-referenced litigation. On December 8, 2023, Defendant filed its motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See Docket Entry Nos. 13-15. On December 8, 2023, the United States Court of Appeals for the Second Circuit ("Second Circuit") issued decisions in *Gazzola v. Hochul*, 2023 U.S. App. LEXIS 32547 (2d Cir. Dec. 8, 2023), and *Antonyuk v. Chiumento*, 2023 U.S. App. LEXIS 32492 (2d Cir. Dec. 8, 2023). This status letter is submitted at Your Honor's direction to advise the Court on how these rulings effect the present motion.

    In *Antonyuk*, the Second Circuit addressed constitutional challenges to various sections of the Concealed Carry Improvement Act ("CCIA"), including licensing requirements, sensitive locations, and restricted locations. Plaintiffs' Complaint does not challenge any section of the CCIA or similar provisions in the New York City Administrative Code ("Administrative Code") or Rules of the City of New York. Specifically, the laws and regulations challenged by Plaintiffs do not restrict the location where a concealed carry licensee may bring a firearm. Additionally, with the exception of Administrative Code § 10-131(a)(2), which sets forth the fee required to be paid by an applicant for a license to carry or possess a pistol or revolver, the Complaint does not challenge any application requirement. Finally, *Antonyuk*'s analysis is confined to the second step of the new two-part inquiry developed in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), as the parties did not dispute that the conduct

implicated the scope of the Second Amendment, while the City's motion is based on Plaintiffs' failure to properly define their proposed conduct and show that such conduct is protected by the text of the Second Amendment. For all these reasons, *Antonyuk* provides no guidance as to the application of the Bruen test to the rules and laws at issue herein.

While *Antonyuk* does address and clarify a litigant's standing to raise particular Second Amendment claims, and the instant motion to dismiss asserts that for certain challenges Plaintiffs do not plead an injury-in-fact, the Second Circuit's analysis does not undermine the strength of Defendant's legal argument. First, *Antonyuk* addressed standing from the perspective of a plaintiff who alleges that a component of the application process deterred him/her from submitting an application in the first place. See *Antonyuk*, 2023 U.S. App. LEXIS 32492, at *56-57, 63-64, and 67. While Plaintiff Braden Holliday makes similar allegations about Administrative Code § 10-131(a)(2), the City did not argue that he lacks standing for that claim. Second, *Antonyuk* offers further direction on what is required to establish the "credible threat of prosecution" prong of a pre-enforcement challenge. See id. at *116-123. Here again, Defendant did not base its standing defense on Plaintiffs' inability to allege a "credible threat of prosecution." Rather, Defendant argued in its motion to dismiss that any harm to Plaintiffs from the challenged rules and statutes was speculative or purely based on hypothetical future harm. Thus, *Antonyuk*'s standing analysis is neither dispositive nor persuasive as to the branch of Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

Likewise, the subject matter of the *Gazzola* lawsuit is such that the holding therein is not binding precedent with respect to Plaintiffs' challenges. That said, *Gazzola* supports Defendant's argument that not every firearm regulation constitutes an infringement on Second Amendment rights. Defendant's motion states that "[f]ollowing Bruen, it is now clear that self-defense in the event of a confrontation lies at the heart of the Second Amendment, and an individual has a right to possess weapons at home (keep arms) and carry them in public (bear arms), subject to certain restrictions." Defendant's Memorandum of Law in Support of Motion to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) at 12-13. The City further argued that a statute or rule infringes on these core rights only if they "effectively prevent[] a law-abiding person from exercising their Second Amendment right to keep arms in the home and/or bear arms in public for self-defense...." Id. at 13-14. In other words, an incidental or *de minimis* burden will not trigger a step two *Bruen* inquiry. *Gazzola* is consistent with this understanding of the meaning of "infringed." The Second Circuit held that a commercial regulation that inconveniences a licensee in the acquisition of firearms is insufficient to establish a Second Amendment violation. Rather, the regulation "cannot have the effect of *eliminating* the ability of law-abiding, responsible citizens to acquire firearms." *Gazzola*, 2023 U.S. App. LEXIS 32547, at *13 (emphasis added). Indeed, the Second Circuit repeatedly instructs that a regulation must be so restrictive that it effectively prohibits one from possessing weapons before it will be deemed to violate the Second Amendment. See id. at *11-12, 13 n.6, 13-14, and 16. In *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago*, 561 U.S. 742 (2010), the Supreme Court was confronted with statutes that completely banned the possession of handguns. In *Bruen,* the Court invalidated a New York State law that prevented an ordinary, law-abiding citizen from carrying a firearm unless the applicant could demonstrate a special need for self-protection, a demanding requirement. The Second Circuit in Gazzola makes clear that a rule or law does not infringe the Second Amendment unless it operates like the statutes invalidated in the Supreme Court's trilogy of cases. The laws and rules challenged by Plaintiffs are unlike those at issue in *Bruen, McDonald,* and *Heller*, and more

closely resemble the minimal burden on Second Amendment rights posed by the provisions analyzed in *Gazzola*.

Respectfully submitted,

*/s/ Nicholas Ciappetta*

Nicholas Ciappetta
Senior Counsel

cc: Amy L. Bellantoni, Esq. (via e-mail to abell@bellantoni-law.com)
THE BELLANTONI LAW FIRM, PLLC
2 Overhill Road, Suite 400
Scarsdale, New York 10583
Tel: 914-367-0090
Fax: 888-763-9761