

August 16, 2024

**VIA ECF**

Hon. Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    *Mills v. New York City,* 23 Civ. 7460 (JSR)

Dear Judge Rakoff,

    I represent the plaintiffs, Charles Mills, Craig Sotomayor, and Braden Holliday, in the above-referenced matter. As the Court is aware, the defendants' Motion to Dismiss is *sub judice*. I write in response to the Court's August 2, 2024 email providing an opportunity for the parties to supplement their briefs in light of the Supreme Court's decision in *United States v. Rahimi*, 144 S. Ct. 1889 (2024).

    While the *Rahimi* case is not factually similar to this action, the Supreme Court reinforced the text, history, and tradition analysis applied in *Heller, McDonald, Caetano,* and *Bruen.* Indeed, Justice Gorsuch wrote separately to highlight the "central message" of the opinion: the reinforcement of "the focus on text, history, and tradition, following exactly the path we described in *Bruen*." *Rahimi*, 144 S. Ct. at 1910 (Gorsuch concurring). "As a general matter, the text of the Constitution says what it means and means what it says. And unless and until it is amended, that text controls." *Rahimi*, 144 S. Ct. at 1911 (Kavanaugh, J. concurring).

    Justice Thomas, who wrote for the majority in *Bruen*, reiterated that the "presumption against restrictions on keeping and bearing firearms is a central feature of the Second Amendment. That Amendment does not merely narrow the Government's regulatory power. It is a *barrier*, placing the right to keep and bear arms off limits to the Government." *Rahimi*, 144 S. Ct. at 1931 (Thomas, J. dissenting) (emphasis added).

    The holding in *Rahimi* confirms that the government may temporarily disarm individuals who have been adjudicated by a court to present a credible threat to the physical safety of others. *Rahimi*, 144 S. Ct. at 1903. Notably, the Justices unanimously "reject[ed] the government's contention that [an induvial] may be disarmed simply because he is not 'responsible'." *Rahimi*, 144 S. Ct. at 1903.

There is no allegation from the City that any of the Plaintiffs are 'dangerous' or 'not responsible.' The plaintiffs are part of 'the People' for whom the Second Amendment was intended to protect.

The motion pending before the Court concerns the City's challenge to the plaintiffs' Article III standing and failure to state a claim upon which relief may be granted. While Article III standing was not at issue in *Rahimi*, the opinion is instructive for the Court's determination of whether the plaintiffs have stated a claim under the Second Amendment.

Indeed, the cases cited by the City involve criminal activity, which the Supreme Court has repeatedly rejected as an analogue for the lawful conduct protected by the plain text of the Second Amendment [Pl. Br. at 10-12].

In his concurring opinion, Justice Kavanaugh noted: "The Framers of the Constitution and Bill of Rights wisely sought the best of both worlds: democratic self-government and the protection of individual rights against excesses of that form of government. In justiciable cases, this Court determines whether a democratically enacted law or other government action infringes on individual rights guaranteed by the Constitution. When performing that Article III duty, the Court does not implement its own policy judgments about, for example, free speech or gun regulation. Rather, the Court interprets and applies the Constitution by examining text, pre-ratification and post-ratification history, and precedent. The Court's opinion today does just that, and I join it in full. The concurring opinions, and the briefs of the parties and amici in this case, raise important questions about judicial reliance on text, history, and precedent, particularly in Second Amendment cases." *Rahimi*, 144 S. Ct. at 1910 (Kavanaugh, J. concurring).

When determining whether the Complaint states a cause of action, the *Rahimi* opinion "honor[s] the fact that the Second Amendment 'codified a pre-existing right' belonging to the American people, one that carries the same 'scope' today that it was 'understood to have when the people adopted' it. *Rahimi*, 144 S.Ct. at 1907 (Gorsuch, J. concurring) quoting, *D. C. v. Heller*, 554 U.S. 570, 592, 634–635 (2008). Plaintiffs' conduct – possessing and carrying firearms for self-defense - falls within the plain text and is presumed to be protected by the Constitution. The City has the burden of identifying an historical analogue, which it has not yet done; resolving this case under 12(b)(6) and/or (1) is inappropriate for a Second Amendment challenge such as this.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni


cc: Nicholas Ciappetta (via ECF)