

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Muriel Goode-Trufant**
*Acting Corporation Counsel*

**Nicholas R. Ciappetta**
**Administrative Law and Regulatory Litigation**
**Division**
**(212) 356-4036**
nciappet@law.nyc.gov

August 16, 2024

**BY ECF**
Honorable Jed S. Rakoff
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  Mills, et al. v. New York City, New York, 23-CV-7460 (JSR)(OTW)

Dear Judge Rakoff:

I am an attorney in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York.  This Office represents Defendant New York City in the above-referenced  litigation.  On December 8, 2023, Defendant filed its motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  See Docket Entry Nos. 13-15.  Plaintiffs filed their opposition to the motion to dismiss on January 22, 2024.  See Docket Entry No. 18.  Defendant's reply papers were filed on February 20, 2024.  See Docket Entry No. 23.  I write at the invitation of the Court to make a supplementary submission addressing the United States Supreme Court's recent Second Amendment decision in United States v. Rahimi, 144 S. Ct. 1889 (2024).  I also write to notify the Court regarding the recent adoption of emergency rules by the New York City Police Department ("NYPD") amending, among other things, one of the rules challenged by Plaintiffs.

**Impact of United States v. Rahimi**

Plaintiffs challenge a slew of important City laws and rules regulating firearms in the City of New York.  In addition to raising arguments that Plaintiffs lack standing to challenge certain of the firearm regulations at issue herein, Defendant also argued that Plaintiffs failed to state a claim under the Second Amendment.  More specifically, Defendants stated that Plaintiffs failed to demonstrate in the Complaint that any of their proposed conduct is protected by the Second Amendment.  Defendant's Second Amendment analysis focused solely on the first step of the revised framework developed by the Supreme Court in New York State Rifle & Pistol

Ass'n v. Bruen, 597 U.S. 1 (2022).  At the first step, the burden rests with the plaintiff to narrowly define its proposed conduct and then show that such proposed conduct is covered by the textual elements of the operative clause of the Second Amendment ("the right of the people to keep and bear Arms, shall not be infringed").  To show coverage, the challenged regulation must do more than regulate proposed conduct; rather, it must constitute an infringement upon Second Amendment rights.  The City further argued in the motion to dismiss that none of the challenged rules and laws infringe upon conduct protected by the Second Amendment since they do not in infringe on the core of the right defined by the Supreme Court in Heller, McDonald, and Bruen.  In other words, the challenged regulations do not prevent anyone from purchasing firearms for self-defense, possessing them for such purpose, or using them in the event of a confrontation.  As the Plaintiffs' alleged regulated conduct is not protected by the text of the Second Amendment, their challenges fail at the first step of the Bruen test, and the City is not required to provide historical analogues to demonstrate consistency with the Nation's tradition of firearm regulations.

Rahimi does not alter the analysis or conclusions set forth in Defendant's motion papers.  Therein, the Supreme Court did not address the first step of the Bruen inquiry; since Rahimi was prohibited by the challenged federal statute from possessing a firearm, there was no question that his proposed conduct implicated the Second Amendment.  Instead, the Rahimi Court devoted its attention exclusively to the question of whether 18 U.S.C. § 922(g)(8) fit within the tradition of "preventing individuals who threaten physical harm to others from misusing firearms."  Rahimi, 144 S. Ct. at 1896.  In answering this question in the affirmative, the Supreme Court bucked the trend established in District of Columbia v. Heller, 554 U.S. 570 (2008), McDonald v. Chicago, 561 U.S. 742 (2010), and Bruen of expanding the scope of the Second Amendment.  As Justice Clarence Thomas, who authored the majority opinion in Bruen, was the sole dissenter in Rahimi, the inescapable conclusion is that Rahimi represents a limitation on Bruen.  See United States v. Herriott, No. 23-cr-37, 2024 U.S. Dist. LEXIS 110555, at *5 n.1 (N.D. Ind. June 24, 2024).  Indeed, the Supreme Court emphasized that its prior decisions "were not meant to suggest a law trapped in amber."  Rahimi, 144 S. Ct. at 1897.

While Rahimi eases the burden upon municipalities at the second step of Bruen, it did not provide any further guidance as to the application of the first step.  Nonetheless, Rahimi does find some common ground with the Supreme Court's prior decisions in Heller, McDonald, and Bruen – in each case, it was undisputed that the challenged regulation made the exercise of a core right protected by the Second Amendment impossible for some.  In other words, the challenged regulation either outright prohibited the plaintiff from possessing firearms or prevented the plaintiff from carrying in public.  To date, these are the only type of regulations that the Supreme Court has found to constitute an infringement upon conduct protected by the Second Amendment.  In contrast, the regulations and laws challenged herein do not even minimally burden core conduct protected by the Second Amendment.  The regulations do not regulate the type of weapon that may be carried, the location where a licensee may carry, impose application requirements, or restrict who can obtain a premises residence or carry license.  Thus, Rahimi does not change the fact that Plaintiffs' proposed conduct does not find protection in the text of the Second Amendment.

**Emergency Adoption of NYPD Rules**

Defendant also writes to inform the Court of a recent change to one of the NYPD rules at issue herein.  Plaintiffs seek to declare unconstitutional and permanently enjoin Title 38,

Chapter 5-25 of the Rules of the City of New York ("RCNY").  In particular, Plaintiffs challenge 38 RCNY § 5-25(d)(4), which Plaintiffs allege constitutes a restriction on the number of handguns one may own and/or register on a license.  See Complaint ¶¶ 47-54.  As an initial matter, the City responded in its initial moving papers that Plaintiffs' reading of 38 RCNY § 5-25(d)(4) was disingenuous. "While this section contains *default* limits on the number of handguns that may be *listed* on premises residence and concealed carry licenses, this is not a functional cap on how many handguns the licensee may *own*." Docket Entry No. 15 at page 22 of 28 (emphasis in original).  In any event, on August 12, 2024, the NYPD published emergency rules in *The City Record* that repealed 38 RCNY § 5-25 and replaced it with a new § 5-25.  A copy of the relevant section of *The City Record* containing the emergency rules are annexed hereto as Exhibit A.  Relevant to this case, the emergency rules now provide a procedure for a licensee to list more than two handguns on a carry license; whereas previously no such option existed.  See 38 RCNY § 5-25(g)(3).  As a result of this amendment, Plaintiffs' statements in paragraphs 51 and 52 of the Complaint are no longer accurate.  The emergency rule also eliminates the ability of the NYPD License Division to reduce the number of handguns that may be listed on a carry license from two to one.  Compare 38 RCNY § 5-25(g)(3) with former 38 RCNY § 5-25(d)(4)(i).  This likewise renders moot Plaintiffs' argument in paragraph 54 of the Complaint.  Plaintiffs also challenge handgun purchase authorization requirements that are set forth in 38 RCNY § 5-25 and cross-referenced at 38 RCNY §§ 5-22(a)(9), (10).  The emergency rules also amend these requirements by clarifying and streamlining the procedures applicable to licensees seeking to acquire and register a handgun to one or more licenses.  See 38 RCNY § 5-25(a)-(f).

        Prior to the amendments to 38 RCNY § 5-25, the requirements therein did not operate to infringe upon any protected conduct under the Second Amendment because such requirements only constituted license restrictions rather than obstacles to the acquisition, possession, and carrying of firearms.  The amendments to 38 RCNY § 5-25 only buttress the arguments set forth in Defendant's motion to dismiss.

        Thank you for your consideration of this matter.


        Respectfully submitted,

        /s/

        Nicholas Ciappetta
        Senior Counsel


cc:    Amy L. Bellantoni, Esq. (via e-mail to abell@bellantoni-law.com)
       THE BELLANTONI LAW FIRM, PLLC
       2 Overhill Road, Suite 400
       Scarsdale, New York 10583
       Tel: 914-367-0090
       Fax: 888-763-9761